# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1147

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Wayne Newell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: July 14, 2014
Filed: July 22, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gregory Newell directly appeals the above-Guidelines-range sentence the district court[1] imposed after he pled guilty to a counterfeiting offense. Counsel has

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Newell's sentence is substantively unreasonable and that the court failed to provide an adequate explanation for the sentence.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence, <u>see</u> <u>United States v. Mangum</u>, 625 F.3d 466, 470 (8th Cir. 2010) (upward variance is reasonable where court makes individualized assessment of 18 U.S.C. § 3553(a) factors based on facts presented, and considers defendant's proffered information), and that the district court adequately explained Newell's sentence, <u>see</u> <u>United States v. Feemster</u>, 572 F.3d 455, 462-63 (8th Cir. 2009) (en banc) (to adequately explain chosen sentence, district court must provide substantial insight into reasons for its determination). Further, having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____